**Nelson Mauricio MARTINEZ, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 04–70386.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.\*\*

Decided June 29, 2005.

Ronald C. Peterson, Esq.,Heller, Ehrman, White and McAuliffe LLP, Los Angeles, CA, for Petitioner.

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David Dauenheimer Fax, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, TASHIMA and THOMAS, Circuit Judges.

MEMORANDUM ***

Nelson Mauricio Martinez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of the immigration judge's ("IJ") denial of his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the IJ's finding for substantial evidence. *Njuguna v. Ashcroft*, 374 F.3d 765, 769 (9th Cir.2004); *Zheng v. Ashcroft*, 332 F.3d 1186, 1193 (9th Cir.2003). We deny in part and grant in part.

■ Substantial evidence supports the IJ's decision that Martinez did not suffer past persecution on account of a political opinion and that the subsequent threats made against him were also not on account of an enumerated ground. *See Dinu v. Ashcroft*, 372 F.3d 1041, 1044 (9th Cir. 2004); *see also Sanchez–Trujillo v. INS*, 801 F.2d 1571, 1576–77 (9th Cir.1986).

Because Martinez failed to demonstrate eligibility for asylum, he also failed to meet the higher burden under withholding of removal. *See Dinu*, 372 F.3d at 1045. Accordingly, we deny the petition for review as to the asylum and withholding claims.

■ Substantial evidence does not support the denial of Martinez's CAT claim because the IJ misstated Martinez's testimony regarding his ability to return to Guatemala safely, and failed to consider evidence in the record relevant to the possibility of future torture, including the country reports and including an affidavit from Martinez's former attorney in Guatemala who stated the police officers who beat Martinez continue to search for him. *See Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir.2001) (citing 8 C.F.R. § 208.16(c)(3)). Accordingly, we grant the petition as to the CAT claim and remand for further proceedings so that the BIA can consider all of the evidence in light of this disposition, and apply the correct standard for CAT relief. *See id.* at 1284; *see generally Azanor v. Ashcroft*, 364 F.3d 1013, 1019 (9th Cir.2004).

**PETITION FOR REVIEW DENIED in part, and GRANTED in part.**

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.